Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8369 | **DATE** | 4/1/2003 |
| **CASE TITLE** | LATINE vs. JAIMET | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Pursuant to Memorandum Opinion and Order entered this day, the petition for a writ of habeas corpus is denied. This action is dismissed in its entirety. Any other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 02 2003 | |
| | Notified counsel by telephone. | | date docketed | 15 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/1/2003 | |
| | | | date mailed notice | |
| JS | courtroom deputy's initials | | JS | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KHLONG LATINE, <br><br> Petitioner, <br><br> v. <br><br> DANNY JAIMET, Warden of Jacksonville Correctional Center <br><br> Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) ) 02 C 8369 |

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On December 24, 2002, petitioner Khlong Latine ("Latine") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, Latine's petition for habeas relief is denied.

## BACKGROUND

Latine is currently incarcerated at the Jacksonville Correctional Center. On September 8, 1999, after a bench trial in the Circuit Court of Kane County, Latine was found guilty of armed violence and sentenced to a term of fifteen years imprisonment. Although Latine was initially charged with a separate count of possession of a stolen vehicle, the trial court merged this count into the armed violence count. On direct appeal to the Appellate Court of Illinois, Second District, Latine's appointed counsel raised only the issue of whether the State proved the offense of unlawful possession of a stolen motor vehicle beyond a reasonable doubt. Subsequently, pursuant to Latine's motion to file a supplemental brief, the Illinois Appellate Court on June 21, 2001, allowed Latine

1

to file a supplemental brief and represent himself *pro se* in the appeals process, and discharged the State Appellate Defender as Latine's attorney of record.

On May 18, 2001, Latine filed his supplemental brief on direct appeal raising the following issues: (1) whether Latine was proven guilty of the offense of a stolen automobile and whether the State failed to prove the automobile was actually stolen; (2) whether Latine was proven guilty of the offense of armed violence; (3) whether Latine was denied a fair trial by the admission of other crimes evidence; (4) whether trial counsel was ineffective for allowing the admission of other evidence; (5) whether prosecutorial misconduct denied Latine the right to a fair trial; (6) whether the trial court committed reversible error in allowing other crimes evidence. The Illinois Appellate Court affirmed Latine's conviction and sentence in an order issued on March 19, 2002.

Latine then filed a petition for leave to appeal to the Illinois Supreme Court and raised three issues: (1) whether the indictment was sufficient; (2) whether Latine was proven guilty of the offense of armed violence offense; (3) whether Latine was proven guilty of the offense of unlawful possession of a stolen automobile. In addition, Latine states that he "[stood] by the arguments presented on appeal concerning the claims of ineffective assistance of counsel, prosecutorial misconduct and error of trial court." (Resp.'s Answer to Pet. for Habeas Corpus, Ex. I, at 13.) On October 2, 2002, the Illinois Supreme Court denied Latine's petition for leave to appeal. Latine did not seek any post conviction relief in the Circuit Court of Kane County.

On December 24, 2002, Latine filed the instant petition for writ of habeas corpus, arguing that: (1) he was not proven guilty of the offense of unlawful possession of a stolen motor vehicle; (2) he was not proven guilty of the offense of armed violence; (3) he was denied a fair trial by the admission of other crimes evidence; (4) he was denied the effective assistance of counsel when he

failed to object to the admission of other crimes; (5) prosecutorial misconduct denied him the right to a fair trial; and (6) the trial court committed reversible error when it allowed other crimes to be admitted into evidence.

## STANDARD OF REVIEW

A federal court may grant a writ of habeas corpus on behalf of a prisoner held in custody pursuant to a state court judgment only if the petitioner is held in custody in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). It follows that errors of state law are irrelevant unless they resulted in the deprivation of a constitutional or federal right. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Perry v. McCaughtry, 308 F.3d 682, 688 (7th Cir. 2002). And it must be kept in mind that "the Constitution entitles a criminal defendant to a fair trial, not a perfect one." Delaware v. Van Arsdall, 475 U.S. 673, 681 (1986); Todd v. Schomig, 283 F.3d 842, 850 (7th Cir. 2002).

Prior to the court's consideration of a petitioner's claims on the merits, a habeas petitioner must meet several distinct procedural requirements. A habeas petitioner must first have given the state's highest court an opportunity to address each claim. See O'Sullivan v. Boerckel, 526 U.S. 838, 841-42, 119 S.Ct. 1728 (1999); Mahaffey v. Schomig, 294 F.3d 907, 914-15 (7th Cir. 2002). To satisfy this requirement, a petitioner must present to the state judiciary both the operative facts and legal principles that control each claim. See Mahaffey, 294 F.3d at 914-15. A petitioner must comply with state rules to avoid procedurally defaulting his claims, see id., and each claim must have been "fairly presented," in the manner prescribed by state law, apprising the state courts of the facts and law supporting each claim. Sullivan, 526 U.S. at 848, 119 S.Ct. 1728. A constitutional claim

3

presented to the state courts solely in state-law terms may be found to have been forfeited. See Wilson v. Briley, 243 F.3d 325, 327-28 (7th Cir. 2001); Moleterno v. Nelson, 114 F.3d 629, 634 (7th Cir. 1997).

Accordingly, procedural default can occur where: (1) the petitioner presents an issue within a petition never before presented to the state court for review, see Rodriguez v. Peters, 63 F.3d 546, 555 (7th Cir. 1995); (2) the petitioner failed to properly and fairly raise the federal element of an issue now presented on petition first to the state court for review, see Verdin v. O'Leary, 972 F.2d 1467, 1472 (7th Cir. 1992); or (3) the state court previously disposed of an issue now presented on petition on an independent and adequate state law ground, such as a state procedural bar, see Coleman v. Thompson, 501 U.S. 722, 729, 111 S.Ct. 2546 (1991). A federal court may excuse a procedural default if a petitioner can show either cause for the default and prejudice arising from failure to review the claims, or that failure to review the claims on procedural grounds would result in a fundamental miscarriage of justice. See Mahaffey, 294 F.3d at 914-15.

Once these prerequisites have been met and a federal court reaches the merits of a petitioner's claims, the court may grant a writ of habeas corpus on a claim decided on the merits by the state courts only if the state courts' rejection of that claim either (1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Further, 28 U.S.C. § 2254(e)(1) provides that determinations of factual issues by state courts are presumed correct, and may be rebutted only by clear and convincing evidence.

A state-court decision is contrary to Supreme Court precedent if the state court arrives at a

conclusion opposite to that reached by the Supreme Court on a question of law. See Williams v. Taylor, 529 U.S. 362, 405, 120 S.Ct. 1495, 519 (2000). Second, a state-court decision is also contrary to Supreme Court precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a different result. See id. To demonstrate that a state court decision resulted in an "unreasonable application" of Supreme Court precedent, a petitioner must show that despite identifying the correct rule of law, the state court unreasonably applied it to the facts of his case. Id. at 410-12.

## ANALYSIS

I. Unlawful Possession of a Stolen Motor Vehicle

Latine's first assertion is that he was not proven guilty beyond a reasonable doubt of the offense of unlawful possession of a stolen motor vehicle. In addressing this argument on direct appeal, the Illinois Appellate Court applied the Illinois case of People v. Collins, 106 Ill.2d 237, 261 (Ill. 1985), in which the Illinois Supreme Court adopted the reasoning set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781 (1979), which sets forth the standard of review for a claim of insufficient evidence. In reviewing the sufficiency of the evidence to support a criminal conviction, the court must determine "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Jackson 443 U.S. at 318-19, 99 S.Ct. at 2788-89. This inquiry does not require a court to "ask whether it believes that the evidence at the trial established guilt beyond a reasonable doubt," but rather "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id.

Applying the standard set forth in Jackson, the Illinois Appellate Court found that the

evidence introduced at trial was sufficient to support Latine's conviction for possession of a stolen motor vehicle.[1] In order for a person to be convicted of possession of a stolen motor vehicle, the State must prove beyond a reasonable doubt that defendant possessed the vehicle, that he was not entitled to possession of the vehicle, and that he knew that the vehicle was stolen. See 625 ILCS 5/4 - 103(a)(1); People v. Anderson, 188 Ill.2d 384, 389, 721 N.E.2d 1121, 1124 (Ill. 1999).

As the Illinois Appellate Court detailed in its opinion, there was evidence at trial that Elgin police Officer David Copher ("Officer Copher") was driving in Elgin on the morning of January 31, 1998 when he observed a white Ford Taurus with its headlights on in an alley. The car description and license plate number matched that of a stolen car reported on radio dispatch two hours earlier. Officer Copher observed that there were two people in the car, one in the driver's seat and one in the passenger's seat. When Officer Copher drove up to the car, he observed Latine exit the car from the driver's seat and begin to walk away. When two back-up officers Christopher Hughes ("Officer Hughes") and Leigh Rawson ("Officer Rawson") arrived to assist, Latine began to run. Officers Hughes and Rawson began to chase Latine, and at some point during the chase when Officer Rawson was approximately fifty feet behind Latine on Highland Avenue, Officer Rawson saw Latine turn and look back at him and then heard a noise that sounded like a metal object hitting the concrete. Officer Rawson continued to chase Latine and apprehended him. Officer Hughes' testimony at trial about the chase was substantially the same as Officer Rawson's. Officer Robert Christ, another officer who responded to a radio call from Officer Copher during the chase, retrieved a .45 caliber

---

[1] Latine was not sentenced for the offense of possession of a stolen vehicle because the trial court merged this offense with the armed violence offense. However, inquiry into the possession of a stolen motor vehicle evidence is relevant because Latine's conviction for armed violence was predicated upon his being armed during the commission of the felony of possession of a stolen motor vehicle.

automatic pistol lying on the pavement on Highland Avenue, with marks on it indicating it might have slid along the pavement.

The Appellate Court concluded that based on the evidence, a rational trier of fact could have found, beyond a reasonable doubt, that the vehicle was stolen, and in Latine's possession. First, the Appellate Court found sufficient evidence that the vehicle was stolen. The vehicle reported stolen by its co-owner matched the vehicle Officer Rawson discovered two hours later. The vehicle's co-owner testified that he did not know Latine or Miguel Gonzalez ("Gonzalez"), the man who was with Latine and sitting in the passenger's seat of the vehicle. At trial, Gonzalez testified that Latine was driving the car prior to stopping in the alley where Officer Copher approached. Further, Officer Copher observed Latine exiting from the driver's side of the vehicle. The Appellate Court also found that the evidence introduced at trial supported the inference that Latine knew the vehicle was stolen, noting that Latine was driving a vehicle reported stolen just two hours earlier, was seen exiting the driver's side of the vehicle, continued walking away from the scene until Officer Copher ordered him to stop, and ran from the scene when other officers arrived. Further, when interviewed by officers following his arrest, Latine provided contradictory testimony, alleging that he was never in the vehicle and just happened to be walking in the alley near the car at the time the police arrived.

Under 28 U.S.C. § 2254(e)(1), determinations of factual issues by state courts are presumed correct, and may be rebutted only by clear and convincing evidence. Latine has not presented any clear and convincing evidence to rebut the evidence introduced at trial. Based on a review of the record, this court does not find that the Appellate Court's ruling that, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, resulted in a decision that was contrary to or

7

involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. See 28 U.S.C. § 2254(d). Accordingly, this court finds Latine is not entitled to habeas relief based on alleged insufficiency of evidence to support the unlawful possession of a stolen motor vehicle offense.

II. Armed Violence

Next, Latine contends that the State failed to prove Latine guilty of the offense of armed violence beyond a reasonable doubt. Again, the Illinois Appellate Court properly applied the standard set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781 (1979) in finding that there was sufficient evidence for a rational trier of fact to conclude that, beyond a reasonable doubt, Latine possessed the .45 caliber handgun at the time he was unlawfully in possession of a stolen motor vehicle. To prove a defendant guilty of armed violence, the State must prove that the defendant committed a felony while armed with a dangerous weapon. See 720 ILCS 5/33A-2. Because the Appellate Court found the State sufficiently proved Latine committed the felony of possession of a stolen motor vehicle, the only issue remaining was whether the State proved Latine was armed with a dangerous weapon at the time he committed the underlying felony. A person is considered armed with a dangerous weapon when he carries on or about his person, or is otherwise armed with a weapon, such as a handgun. See 720 ILCS 5/33A-1(a); People v. Strong, 316 Ill.App.3d 807, 815 (3d. Dist. 2000).

The Appellate Court acknowledged that although there was no direct evidence that Latine possessed the handgun Officer Christ retrieved from Highland Avenue, the State need not introduce

direct evidence to meet its burden of proof; a defendant's conviction may be based solely on circumstantial evidence. See People v. Locascio, 106 Ill.2d 529, 537, 478 N.E.2d 1358, 1361 (Ill. 1985). Here, Officer Rawson testified at trial that as he was chasing Latine along Highland Avenue, he saw Latine turn back and look at him and then heard the sound of metal hitting the concrete. Shortly thereafter, Officer Christ found a .45 caliber automatic pistol lying on the pavement of Highland Avenue. Officer Christ testified that there were marks on the gun, suggesting that it had slid along the pavement.

As stated above, determinations of factual issues by state courts are presumed correct, and may be rebutted only by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). Latine has not presented any clear and convincing evidence to rebut the testimony by the officers at trial. The Appellate Court concluded that based on the circumstantial evidence introduced at trial, it would be reasonable for the trier of fact to conclude that Latine possessed the .45 caliber handgun and decided to discard the weapon because the police were pursuing him. This court does not find the Appellate court's reasoning and ruling resulted in a decision that was contrary to or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. See 28 U.S.C. § 2254(d). Accordingly, this court finds that Latine's armed violence claim does not support his petition for habeas relief.

III. Other Crimes Evidence

Next, Latine contends that he was denied a fair trial by the admission of "other crimes evidence." (Habeas Petition at 6.) On the morning of January 31, 1998, after the arrest of Latine and Gonzalez, Officer Hughes returned to the alley where Latine and Gonzalez were found with the

9

stolen vehicle and found a loaded .9 millimeter handgun on the ground near where the vehicle had been. At trial, this .9 millimeter gun Officer Hughes found in the alley was admitted into evidence. Latine argues that the admission of the evidence of this .9 millimeter gun, which Latine labels "other crimes evidence," deprived him of his right to a fair trial.

Respondent Jaimet maintains first that Latine has procedurally defaulted on this claim because he failed to present this claim to the Illinois Supreme Court. In his petition for leave to appeal to the Illinois Supreme Court, Latine discussed the admission of the .9 millimeter gun in connection with his argument that his indictment was insufficient[2] and in connection with his claim that there was insufficient evidence to convict him of armed violence, but does not clearly raise a separate claim that the "other crimes evidence" denied him a fair trial. This court finds that despite the lack of clarity in Latine's petition for leave to appeal, Latine has sufficiently presented the "other crimes" issue to the Illinois Supreme Court. Latine alleges in his petition for leave to appeal that the evidence of the .9 millimeter gun should not have been admitted into evidence because the State failed to make a showing of connection between the gun and Latine, and that its admission into evidence prejudiced defendant.

In considering Latine's claim on the merits, this court finds that Latine has not established that the admission of the .9 millimeter handgun into evidence at trial warrants habeas relief. The Appellate Court noted in its order affirming Latine's conviction that the evidence of the .9 millimeter gun found in the alley was admissible because it was relevant to the issue of whether Latine was in possession of a dangerous weapon at the time he committed the felony of possession of a stolen

---

[2]Latine has not raised the insufficiency-of-indictment argument in the instant habeas petition.

motor vehicle. The .9 millimeter handgun was found in close proximity to where Latine was found, and Latine's indictment did not specify the type of handgun Latine carried. The Appellate Court found that this evidence was relevant to the issue in dispute at trial and its probative value did not outweigh its prejudicial effect. The Appellate Court further noted that the evidence of the .9 millimeter handgun was not improper "other crimes" evidence because it was evidence relevant to the crime for which Latine was on trial, and was not offered as evidence of a separate crime to show Latine's propensity to commit crime.

At this stage, "it is not this court's duty to balance the probative value against the unfair prejudice because the Due Process Clause does not permit federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules." Anderson v. Sternes, 243 F.3d 1049, 1055 (7th Cir. 2001). Rather, this court must consider whether the alleged unfair prejudice stemming from the evidence of the .9 millimeter gun "firmly convinces us that but for the errors, the outcome of the trial probably would have been different," thus denying the Latine his due process right to a fundamentally fair trial. Id. This court does not find that but for the admission of evidence of the .9 millimeter gun found in the alley, the outcome of the trial probably would have been different. The record establishes that in securing the armed violence conviction against Latine, the State relied heavily upon the evidence of the .45 caliber handgun and the circumstances surrounding its discovery. In fact, Latine concedes that "[a]lthough both firearms were introduced into evidence, the State contended, during closing arguments, only that they had proved their case against Latine for possession of the 45 caliber handgun; the State did not offer argument on, or even mention, the second gun–a 9mm–during closing arguments." (Resp.'s Answer to Pet. for Habeas Corpus, Ex. I. at 3.) Given the State's focus on the .45 caliber handgun allegedly to have been thrown on the

11

ground by Latine, rather than the .9 millimeter gun found nearby the vehicle in the alley, this court concludes that even if any prejudice resulted from the admission of evidence of the .9 millimeter gun, it does not call the propriety of the trial judge's verdict into question.

IV. <u>Effectiveness of Counsel, Prosecutorial Misconduct, Reversible Error</u>

Latine further contests the admission of the .9 millimeter gun by citing to three other constitutional violations it allegedly caused him to suffer: (1) he was denied effective assistance of counsel when his attorney failed to object to the admission of the gun; (2) the state's attorney committed prosecutorial misconduct when he introduced the gun; and (3) the trial court committed reversible error when it allowed evidence of the gun to be admitted. (Habeas at 6.) Latine's claims are based on the premise that the evidence of the .9 millimeter handgun constituted inadmissible "other crimes" evidence. Respondent contends that these issues are procedurally defaulted because Latine failed to present these claims to the Illinois Supreme Court. However, because Latine stated, at the end of his Leave to Appeal to the Illinois Supreme Court, "Defendant also stands by the arguments presented on appeal concerning the claims of ineffective assistance of counsel, prosecutorial misconduct and error of trial court," (Resp.'s Answer to Pet. for Habeas Corpus, Ex. I. at 13.), this court will consider Latine's arguments on the merits.

In addressing these arguments on direct appeal, the Appellate Court held that regardless of the manner in which Latine frames the issue, there was no error in the admission of the .9 millimeter handgun at trial. This court agrees. As discussed above, the evidence of the handgun was admissible because it was relevant to the issue of whether Latine was in possession of a dangerous weapon at the time he committed the felony of possession of a stolen motor vehicle. See <u>People v. Patterson</u>, 192 Ill.2d 93, 114-115 (2000) ("Evidence is admissible if it is relevant to an issue in dispute and if

its prejudicial effect does not substantially outweigh its probative value."). Therefore, the Appellate Court's rejection of Latine's ineffective assistance of counsel, prosecutorial misconduct and trial error arguments did not result in a decision that was contrary to or involved an unreasonable application of clearly established federal law, or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. Further, even if the evidence of the .9 millimeter handgun was erroneously admitted, for the reasons detailed at <u>infra</u> section III, this court finds that the admission would constitute harmless error. <u>See</u> <u>Aleman v. Sternes</u>, 320 F.3d 687, 690 (7th Cir. 2003) (harmless error that did not play a causal role in prisoner's custody does not justify collateral relief).

## CONCLUSION

For all the reasons stated above, petitioner Khlong Latine's petition for writ of habeas corpus is denied. This case is dismissed in its entirety. All pending motions are moot.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
United States District Judge

DATE: April 1, 2003

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
Eastern Division

LATINE

v.

JAIMET

**JUDGMENT IN A CIVIL CASE**

Case Number: 02 C 8369

- ☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

- ■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the petition for a writ of habeas corpus is denied. This action is dismissed in its entirety.

Michael W. Dobbins, Clerk of Court

Date: 4/1/2003

J. Smith, Deputy Clerk